UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NATHANIEL COLEMAN,                   :
                                     :
         Petitioner,                 :     Civ. No. 15-3586 (RBK)
                                     :
   v.                                :
                                     :
U.S. PAROLE COMMISSION, et al.,      :     **OPINION**
                                     :
         Respondents.                :
                                     :

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner, Nathaniel Coleman, is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the United States Parole Commission's decision "to arbitrarily take his [parole] release date of May 31, 2015 without notice or a written explanation or a right to appeal." (Dkt. No. 1 at p. 1) For the following reasons, the habeas petition will be denied.

## II.   BACKGROUND

In 1980, petitioner was indicted on drug charges. Immediately prior to his trial, the government's primary witness was found dead. Ultimately, petitioner was charged in connection with that killing in the United States District Court for the Eastern District of Pennsylvania. Ultimately, petitioner was sentenced to life imprisonment in 1987.

On May 6, 2015, the United States Parole Commission conducted an in-person mandatory parole hearing for petition. Petitioner was represented by a Federal Bureau of Prisons ("BOP") staff member at that hearing. The hearing examiner explained with respect to whether to recommend granting petitioner parole that the Parole Commission needed to "determine if the

subject has either frequently or seriously violated the rules of the institution, and/or whether if there are case specific factors that suggest a reasonable probability he will commit a future crime if released." (Dkt. No. 5-3 at p. 11) The hearing examiner stated that petitioner had no disciplinary infractions while incarcerated so he "has clearly not frequently or seriously violated the rules of the institution." (*Id.*) Additionally, while the hearing examiner noted that petitioner has not accepted responsibility for his crime, he concluded that his thirty years of imprisonment was a significant punishment. The hearing examiner noted that his clean institutional record spoke highly of his likelihood to abide by the law if released despite the fact that he was a loan shark and pimp previously. (*See id.* at p. 11-12) Thus, the hearing examiner recommended that petitioner be granted parole.

Two reviewers then analyzed the recommendation for parole and recommended that petitioner should not be paroled. Indeed, the reviewers concluded that there was a reasonable probability that petitioner would commit "new Federal, State, or local crime based on his criminal history, the base offense of killing a government witness, and his unwillingness to take responsibility for the crime." (*Id.*)

On May 28, 2015, the Parole Commission issued an order denying mandatory parole and continued petitioner's incarceration to its expiration of life imprisonment. The Parole Commission gave the following reasons for its denial:

> The Commission finds there is a reasonable probability that you will commit a new Federal, State, or local crime based on your criminal history that began in 1958 at age 17, after you were placed on probation in connection with the shooting death of another individual, and includes a prior conviction in 1978 for Aggravated Assault. The current offense involves the killing of a government witness for which you continue to deny responsibility. In addition, at your hearing, you admitted that you were previously a loan shark and pimp, but stated that you were only helping the community. The Commission finds that your violent criminal

2

>    history and your unwillingness to recognize the wrongfulness of
>    your criminal acts makes you a continued risk to commit additional
>    crimes.

(Dkt. No. 5-3 at p. 14) The Commission also explained to petitioner that its decision was appealable to the Commission under 28 C.F.R. § 2.27[1] that was due within thirty days. (*See id.*) Petitioner did not file an appeal.

In May, 2015, petitioner filed this federal habeas petition pursuant to 28 U.S.C. § 2241 in this Court where he requests his release on parole. He claims his due process rights were violated when the Parole Commission denied him parole. Respondent filed a response in opposition. In

---

[1] This regulatory section states as follows:

>    (a) A petition for reconsideration may be filed with the
>    Commission in a case decided under the procedure specified in §
>    2.17 within thirty days of the date of such decision. A form is
>    provided for this purpose. A petition for reconsideration will be
>    reviewed at the next regularly scheduled meeting of the
>    Commission provided the petition is received thirty days in
>    advance of such meeting. A petition received by the Commission
>    less than thirty days in advance of a regularly scheduled meeting
>    will be reviewed at the next regularly scheduled meeting. The
>    previous decision made under § 2.17 may be modified or reversed
>    only by a majority vote of the Commissioners holding office at the
>    time of the review of the petition. If a majority vote is not
>    obtained, the previous decision shall stand. A decision under this
>    rule shall be final.
>    (b) Attorneys, relatives, and other interested parties who wish to
>    submit written information concerning a petition for
>    reconsideration should send such information to the National
>    Appeals Board, United States Parole Commission, 5550 Friendship
>    Boulevard, Chevy Chase, Maryland 20815. Petitions and all
>    supporting material are to be submitted thirty days in advance of
>    the meeting at which such petitions will be considered.
>    (c) If no petition for reconsideration is filed within 30 days of the
>    entry of a decision under § 2.17, that decision shall stand as the
>    final decision of the Commission.

28 C.F.R. § 2.27.

3

opposing the habeas petition, respondent argues that petitioner failed to exhaust his administrative remedies. Furthermore, respondent also argues that the habeas petition can be denied on the merits. Petitioner subsequently filed a reply in support of his habeas petition.

### III.     DISCUSSION

"Ordinarily, federal prisoners must exhaust available administrative remedies before filing a petition under 28 U.S.C. § 2241." *Warwick v. Miner*, 257 F. App'x 475, 476 (3d Cir. 2007) (citing *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)). A petitioner's failure to appeal the Parole Commission's decision may constitute a lack of exhaustion requiring denial of the habeas petition. *See, e.g.*, *Razzoli v. U.S. Parole Com'n*, No. 11-7227, 2012 WL 5404512, at *3 (D.N.J. Nov. 5, 2012); *see also Wallace v. Fed. Bureau of Prisons*, 604 F. App'x 329 (4th Cir. 2015) (non-precedential) (noting because petitioner failed to exhaust appropriate administrative remedies from the Parole Commission's decisions, he is not entitled to habeas relief). However, exhaustion may be excused when it would be futile. *See Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring) (citing *Rose v. Lundy*, 455 U.S. 509, 516, n.7 (1972); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988)). Additionally, where a petitioner has procedurally defaulted his claims by failing to exhaust, he can overcome that by a showing of cause and prejudice. *See Moscato*, 98 F.3d at 761.

In his reply brief, petitioner argues that his lack of exhaustion should be excused. He claims that he was thrown into the "hole" on May 28, 2015 without incident. Petitioner notes that May 28, 2015 was also the day that the Parole Commission ultimately denied him parole. He states that he was without access to a library, his legal material or visitation rights. Petitioner states that he was informed by prison officials that "because his 2/3 mandatory release date was taken and a term of natural life imposed by the parole commission," he could no longer be

housed at Fort Dix, but needed to be transferred to a maximum penitentiary. He asserts that this was done as a vindictive action to undermine his ability to appeal his case.

Petitioner does not indicate the amount of time he spent in the "hole" or how long he was without his legal materials. Rather than analyze whether petitioner has sufficiently established that exhaustion should be excused, this Court will turn to respondent's second argument instead in the first instance, namely that petitioner's habeas petition can be denied on the merits as well.

The Supreme Court has stated that there is no right under the Federal Constitution to be released from prison before the expiration of a valid sentence. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). However, when a liberty interest is created, the Due Process Clause requires fair procedures for its vindication. *See id.* In the context of parole, the Supreme Court has stated that the protections include an opportunity to be heard and a statement of the reasons why parole was denied. *See id.* With respect to a denial of parole by the Parole Commission, the Third Circuit has noted the following;

> A court's role in reviewing decisions by the United States Parole Commission on an application for a writ of habeas corpus is limited. *See Gambino v. Morris,* 134 F.3d 156, 160 (3d Cir. 1998). We decide only whether there is a rational basis in the record for the Parole Commission's conclusions, *id.* (citing *Zannino v. Arnold,* 531 F.2d 687, 691 (3d Cir. 1976)), and will uphold the decision as long as it is not arbitrary and capricious, or based on impermissible considerations, *id.*

*Clark v. Hufford*, 504 F. App'x 93, 95 (3d Cir. 2012); *see also Wilson v. United States Parole Comm'n*, 652 F.3d 348, 354 (3d Cir. 2011) (denying due process claim because Parole Commission's decisions to deny parole were not arbitrary or capricious). Pursuant to the relevant law in this case, 18 U.S.C. § 4206(d) states as follows:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each

> consecutive term or terms of more than forty-five years including any life term, whichever is earlier: *Provided, however,* That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime.

18 U.S.C. § 4206(d). Furthermore, the Parole Commission's regulations state as follows:

> A prisoner (including a prisoner sentenced under the Narcotic Addict Rehabilitation Act, Federal Juvenile Delinquency Act, or the provisions of 5010(c) of the Youth Corrections Act) serving a term or terms of 5 years or longer shall be released on parole after completion of two-thirds of each consecutive term or terms or after completion of 30 years of each term or terms of more than 45 years (including life terms), whichever comes earlier, unless pursuant to a hearing under this section, the Commission determines that there is a reasonable probability that the prisoner will commit any Federal, State, or local crime or that the prisoner has frequently or seriously violated the rules of the institution in which he is confined. If parole is denied pursuant to this section, such prisoner shall serve until the expiration of his sentence less good time.

28 C.F.R. § 2.53(a). Petitioner contends in his habeas petition (that this Court received on May 26, 2015) that the Parole Commission decided to arbitrarily take his May 31, 2015 parole date without notice or a written explanation or right to appeal. However, the record indicates that petitioner had a parole hearing on May 6, 2015. (*See* Dkt. No. 5-3 at p. 10) He was represented at that hearing and his representation put forth evidence on petitioner's behalf. After the hearing examiner and reviewing examiners disagreed as to whether petitioner should be granted parole. Ultimately, the Parole Commission agreed with the reviewing examiners and denied parole in a written decision. The Parole Commission, as stated above, denied parole and provided petitioner with information regarding his right to appeal. It specifically noted that it was denying parole because there was a reasonable probability that petitioner would commit a new crime based on his violent criminal history, unwillingness to recognize the wrongfulness of his criminal act and his admission that he was previously a loan shark and a pimp. (*See* Dkt. No. 5-3 at p. 14)

In this case, the Parole Commission's decision was not arbitrary or capricious. Indeed, it based its denial of parole on the permissible factor that it determined that there was a reasonable probability that petitioner would commit new crimes if paroled. It supported this decision with petitioner's criminal history and his failure to take responsibility for his crimes. As such, it was not arbitrary and capricious. Accordingly, petitioner is not entitled to federal habeas relief based on the Parole Commission's denial of parole.

### IV.   CONCLUSION

For the foregoing reasons, the habeas petition will be denied. An appropriate order will be entered.

DATED:  April  5, 2016                                       s/Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge